**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RODNEY SHEPHERD | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv9 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rodney Shepherd, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge regarding this matter. The Magistrate Judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The Report and Recommendation of United States of Magistrate Judge, together with the record and pleadings has been received and considered by the court. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the applicable law.

Petitioner does not contest the Magistrate Judge's conclusion that his petition was filed after the applicable period of limitations expired. Instead, he reasserts his grounds for review and argues that he is entitled to relief on the merits. He also argues that he is entitled to avoid the bar of the statute of limitations because he is actually innocent of the offenses for which he was convicted.

The Supreme Court has held that the expiration of the applicable statue of limitations can be overcome by a showing of actual innocence. *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, a petitioner will not be considered to have established actual innocence unless

\*\*NOT FOR PRINTED PUBLICATION\*\*

"he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*.  Petitioner has failed to satisfy this standard.  The evidence he cites was available at the time of trial and is therefore not new.  Further, the evidence he cites would not have prevented a reasonable juror from concluding petitioner was guilty.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED** as the opinion of the court.  A final judgment shall be entered dismissing this petition in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability.  An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits.  Rather, he must demonstrate that the issues he raises are subject to debate among jurists of reason, that a court could resolve the issues raised in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty imposed may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason.  The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further.  As a result, a certificate of

**NOT FOR PRINTED PUBLICATION**

appealability shall not issue in this matter.

So ORDERED and SIGNED, Jan 06, 2021.

_____
Ron Clark
Senior Judge